

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-1997

# John Wyeth & Bros v. Cigna Intl Corp

Precedential or Non-Precedential:

Docket 96-1653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"John Wyeth & Bros v. Cigna Intl Corp" (1997). *1997 Decisions.* Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

iled July 23, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1653

JOHN WYETH & BROTHER LIMITED,

Appellant

v.

CIGNA INTERNATIONAL CORPORATION,

Appellee

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 95-cv-05741)

Argued: February 28, 1997

Before: SCIRICA and ALITO, Circuit Judges, and LAY,
Senior Circuit Judge*

(Opinion Filed: July 23, 1997)

_____

*The Honorable Donald P. Lay of the United States Court of Appeals for
the Eighth Circuit, sitting by designation.

Daniel J. Thomasch, Esq. (Argued)
Diana L. Weiss, Esq.
DONOVAN LEISURE NEWTON &
 IRVINE
30 Rockefeller Plaza
New York, New York 10112

Murray S. Levin, Esq.
PEPPER HAMILTON & SCHEETZ
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103

Attorneys for Appellant

Richard M. Jordan, Esq. (Argued)
Samuel J.B. Angell, Esq.
WHITE AND WILLIAMS
1800 One Liberty Place
Philadelphia, Pennsylvania 19103

Attorneys for Appellee

**OPINION OF THE COURT**

ALITO, Circuit Judge:

An English pharmaceutical company is fighting to keep its lawsuit located in the United States. Its American insurance company opponent counters that proper location for the lawsuit is England, not the United States. The English company, John Wyeth and Brother Limited ("Wyeth"), sued its American insurer, CIGNA International Corporation ("CIGNA"), in federal district court in Pennsylvania, seeking an adjudication of its rights under certain policies relating to product liability claims in the courts of the United Kingdom and the Republic of Ireland. The district court granted summary judgment for CIGNA, holding that a forum selection clause in a 1990 contract between the parties vested exclusive jurisdiction in the courts of England. Wyeth appealed, but we affirm.

2

I.

Wyeth manufactures and supplies pharmaceuticals in the United Kingdom and Ireland. Since 1987, Wyeth has defended itself in the courts of those countries against more than 11,000 product liability claims that relate to its manufacture and sale of benzodiazepine products. Most of the claims concerned Ativan, a tranquilizer that allegedly caused dependency and a number of other deleterious side-effects. Other claims were based on Wyeth's manufacture and sale of Normison and Loramet, which were prescribed as hypnotics or sleeping pills.

Wyeth had different primary insurance coverage for three different time periods. First, for product liability claims from November 1, 1972 through October 31, 1977, Wyeth had local insurance coverage in the United Kingdom and Ireland through Guardian Royal Exchange Assurance, Limited ("GRE") for indemnification and the payment of defense costs. Second, for product liability claims in connection with products manufactured and distributed in the U.K. from November 1, 1977 through October 31, 1980, Wyeth had coverage under three occurrence-based insurance policies issued by CIGNA's predecessor, the American Foreign Insurance Association ("AFIA").[1] These policies provided coverage for Wyeth's parent corporation, the American Home Products Corporation ("AHPC"), a New Jersey-based entity, and its U.K. subsidiaries, including Wyeth. Third, for occurrences after November 1980, Wyeth relied on self-insurance.

Wyeth asserts that, although CIGNA and GRE were obligated to pay defense costs relating to claims covered by their policies, as of July 1989, both companies had refused to advance such payments "on the basis, _inter alia_, that they had not yet determined which policies were triggered by which claims in the underlying litigation." (Appellant's Br. at 11). Accordingly, Wyeth and its parent, AHPC, allegedly proposed that, as an interim measure, CIGNA and GRE each pay one-third of these costs and that Wyeth pay the remaining one-third. On January 11, 1990, AHPC, Wyeth, CIGNA, and other parties entered into an agreement

_____

1. CIGNA acquired AFIA in 1984.

(the "1990 Agreement") to "allocat[e] the responsibility for Defense costs with respect to Ativan-related injury claims for the life of the Agreement." (App. 52). The 1990 Agreement stated that the parties had been unable to agree as to which of the insurance policies applied to the individual product liability claims and that "the parties intend[ed] to adopt [the 1990 Agreement] by way of compromise and accord, and without prejudice to or waiver of their respective positions." (App. 52). Under the 1990 Agreement, CIGNA agreed "to pay [thirty three and one third percent] . . . of defense costs incurred to date and hereafter during the term of the Agreement." (App. 54). Either party had the right to terminate the agreement after giving 90 days notice. The 1990 Agreement contained a "Reservation of Rights" clause which stated that:

The payment of thirty three and one third percent of Defense costs pursuant to this Agreement does not constitute evidence of, or an admission by either party regarding, the appropriate apportioning of Defense costs of the Carriers under the policies issued to the Insured Companies.

(App. 55). Most important for purposes of this appeal, the 1990 Agreement contained a forum selection clause, which provided:

This Agreement shall be governed by and construed in accordance with English law, and the English Courts shall have exclusive jurisdiction in relation to any dispute arising under or out of or in relation to this Agreement.

(App. 56).

As of January 11, 1990, defense cost obligations for claims arising during the period from November 1, 1972, through October 31, 1977, were the responsibility of GRE. In late 1990, however, GRE exercised its contractual right to tender the aggregate amount of the limits of its coverage. This tender terminated GRE's responsibilities with respect to Wyeth's defense of the benzodiazepine litigation.

Wyeth states that the GRE tender implicated, for the first time, five AFIA insurance policies covering the 1972-77

4

policy years. These policies allegedly provided Wyeth with excess coverage over and above other insurance coverage Wyeth may have possessed. Hence, according to Wyeth, once GRE tendered the limits of its claims, Wyeth had, for the first time, a claim against CIGNA under the 1972-77 policies for costs incurred after October 5, 1990. CIGNA, however, refused to pay Wyeth's costs to the extent they exceeded the amount that CIGNA had agreed to pay pursuant to the Agreement. CIGNA contends that Wyeth sought retrospectively to reallocate past defense costs that had been settled at 33.33% and to increase CIGNA's share to more than 60%.2

In September 1995, Wyeth brought suit against CIGNA in the Eastern District of Pennsylvania. The Complaint sought a declaratory judgment that CIGNA was required to pay "any and all unreimbursed defense costs incurred by [Wyeth] in the defense of the benzodiazepine litigation, to the extent such defense costs concern claims occurring during the period from November 1, 1972 through October 31, 1980." (App. 18). In addition, the Complaint sought an award of damages. Given that the Complaint asserted that CIGNA had "refused to pay [Wyeth's] costs of defending the benzodiazepine litigation to the extent such costs .. . exceeded the amount of the payments made by [CIGNA] to [Wyeth] pursuant to the [1990] Agreement," CIGNA countered that the district court lacked jurisdiction over the suit due to the foru